# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

JASON J. TYSON,

                              Petitioner,

v.

UNITED STATES OF AMERICA,

                              Respondent.

Case No. 17-CV-1274-JPS

# ORDER

On September 21, 2017, Jason J. Tyson ("Tyson"), a federal prisoner, filed this motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, asserting that his conviction and sentence were imposed in violation of his constitutional rights. (Docket #1). The Court now turns to screening his motion pursuant to Rule 4 of the Rules Governing Section 2255 Cases in the United States District Courts. That Rule authorizes a district court to conduct an initial screening of a Section 2255 motion and to dismiss any grounds summarily where "it plainly appears from the face of the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." Upon an initial Rule 4 review, the Court will analyze whether the movant has complied with the statute of limitations, avoided procedural default, and set forth cognizable claims.

On February 26, 2015, Tyson filed a motion to suppress evidence against him on the ground that the evidence was obtained as the result of an illegal arrest and search. Specifically, he claimed that police officers arrested him without probable cause, placed him in a squad car, and then illegally searched his vehicle for weapons. The officers did, in fact, find

firearms inside the vehicle. Magistrate Judge Duffin issued a report and recommendation on Tyson's motion, recommending that it be denied. He reasoned that the officers' initial stop was a permissible *Terry* investigatory stop, or, in the alternative, that probable cause existed to arrest Tyson. Further, Magistrate Duffin found that Tyson had not cogently argued what evidence should be suppressed, or why, even if the stop was illegal. After reviewing the recommendation, Judge Rudolph Randa adopted it in full on June 17, 2015.

A little over a month later, on July 31, 2015, the parties filed a plea agreement indicating that Tyson agreed to plead guilty to the offense of being a felon in possession of a firearm. In the plea agreement, the parties recited the various rights Tyson agreed to waive by entering a plea of guilty. However, the final paragraph of that section provides that "[t]he defendant acknowledges and understands that pursuant to Rule 11(a)(2) of the Federal Rules of Criminal Procedure, Tyson retains the right to raise an appeal on the issue of (1) whether his initial detention by the police was actually an arrest that lacked probable cause; and (2) if not an arrest, whether reasonable suspicion existed to stop him." Rule 11(a)(2) states that "[w]ith the consent of the court and the government, a defendant may enter a conditional plea of guilty or nolo contendere, reserving in writing the right to have an appellate court review an adverse determination of a specified pretrial motion. A defendant who prevails on appeal may then withdraw the plea." Fed. R. Crim. P. 11(a)(2).

After the case was reassigned to this branch of the Court in January 2016, the Court sentenced Tyson on May 6, 2016. He was sentenced to fifty months of incarceration, well below the applicable Guidelines range of 92–115 months. He appealed that sentence based on an alleged error in

calculating the applicable sentencing Guidelines, but the Court of Appeals found that because the sentence was well under the applicable Guidelines range, Tyson had not shown that he suffered a miscarriage of justice resulting from the Guidelines calculation error. *United States v. Tyson*, 863 F.3d 597, 600 (7th Cir. 2017). Thus, the Seventh Circuit affirmed the sentence on August 2, 2017. *Id.* Tyson did not seek certiorari in the United States Supreme Court.

Tyson filed the instant motion on September 21, 2017. He argues that his appellate counsel failed to raise on direct appeal the issue that had been preserved in his plea agreement—namely, that the officers' stop was illegal either as an arrest or a *Terry* stop. (Docket #1 at 4). Counsel apparently told him that the argument "would not make any difference on appeal" and refused to present it to the Court of Appeals. *Id.* Tyson contends that the issue was meritorious, and that counsel's refusal to abide by his wishes was a violation of his right to effective assistance of counsel under the Sixth Amendment. *Id.* He further claims that the government breached the plea agreement because Tyson was not permitted to appeal on the ground preserved in the agreement. *Id.* at 5.

The Court begins its Rule 4 review by examining the timeliness of Tyson's petition. Section 2255(f) provides a one-year limitations period for filing a motion under Section 2255. That limitations period runs from the date on which the judgment of conviction becomes final. 28 U.S.C. § 2255(f). "[T]he Supreme Court has held that in the context of postconviction relief, finality attaches when the Supreme Court 'affirms a conviction on the merits on direct review or denies a petition for a writ of *certiorari*, or when the time for filing a certiorari petition expires.'" *Robinson v. United States*, 416 F.3d 645, 647 (7th Cir. 2005) (quoting *Clay v.*

*United States*, 537 U.S. 522, 527 (2003)). Tyson's direct appeal ended less than two months before the instant motion was filed. Accordingly, the motion appears to be timely.

The Court turns next to procedural default. Section 2255 relief is appropriate if the Court determines that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). However, this form of action is not a substitute for a direct appeal. *Varela v. United States*, 481 F.3d 932, 935 (7th Cir. 2007). Therefore, any claims that Tyson did not raise at trial or on direct appeal are procedurally defaulted and he cannot raise them here. *Torzala v. United States*, 545 F.3d 517, 522 (7th Cir. 2008).

Tyson does not dispute that he failed to raise the instant claims on direct appeal. However, claims of ineffective assistance of counsel may be raised for the first time in a Section 2255 motion. *Massaro v. United States*, 538 U.S. 500, 504 (2003). Further, Tyson may raise claims that he otherwise procedurally defaulted if he demonstrates that there was cause for his failure to raise a claim earlier and that the failure has actually prejudiced him. *Torzala*, 545 F.3d at 522 (citing *Bousley v. United States*, 523 U.S. 614, 621, 622 (1998)). As noted above, Tyson seeks relief based fundamentally on the ineffective assistance of his appellate counsel. Because this issue could not have been raised during the appeal itself, the Court does not believe that he has procedurally defaulted on his claims.

Finally, the Court reviews Tyson's motion in order to excise any plainly meritless claims. While the claim that his appellate counsel was ineffective should no doubt be permitted to proceed past screening, the

Court finds that the other claim—that the government somehow breached the plea agreement by appellate counsel's failure to appeal the suppression ruling—should not. Tyson's motion is exceedingly vague on this point; it is not clear why he thinks the government had anything to do with the decision not to appeal the denial of his motion to suppress. It seems that Tyson wants to argue that his plea was not knowing, voluntary, or intelligent because he did not know that his appellate counsel would refuse to raise the preserved argument on appeal.

But this error, if it indeed was one, cannot be laid at the government's feet. Plea agreements are contracts, and they are generally interpreted in accordance with ordinary principles of contract law. *United States v. Monroe*, 580 F.3d 552, 556 (7th Cir. 2009). Courts must "review the language of the plea agreement objectively and hold the government to the literal terms of the plea agreement." *United States v. Williams*, 102 F.3d 923, 927 (7th Cir. 1996). When a plea agreement is unambiguous on its face, the court should accord the contract language its plain meaning. *Monroe*, 580 F.3d at 556.

In Tyson's plea agreement, the government agreed not to argue that, by pleading guilty, Tyson had waived an appeal of the decision upholding the legality of the stop in this case. The government never agreed to appeal that issue on his behalf. Nothing in the record suggests that the government failed to uphold its end of the bargain. There is no allegation that the government counseled or coerced Tyson's appellate lawyer to forgo that preserved argument on appeal, so there is no reason to think that the government had any input into the decision. In short, Tyson's complaint about the strategic choice of his appellate counsel can only be made against him, not the government. The Court will, therefore,

dismiss the second ground of Tyson's motion, as it "plainly appears from the motion…that [Tyson] is not entitled to relief" on that ground. Rule 4(b), Rules Governing § 2255 Proceedings.

Under Rule 4(b) of the Rules Governing Section 2255 Proceedings, because the Court has not dismissed the case in its entirety, it "must order the United States Attorney to file an answer, motion, or other response within a fixed time[.]" Accordingly, the Court will direct the government to file an answer to Tyson's motion or file an appropriate motion not later than **November 1, 2017**. If the government files an answer, then Tyson must file his reply, *see* Rule 5(d) of the Rules Governing § 2255 Proceedings, not later than **December 1, 2017**. Likewise, if the government files a motion in lieu of an answer, Tyson will have until **December 1, 2017** to file his response, and the government may reply thereto on or before **December 18, 2017**.

Accordingly,

**IT IS ORDERED** that, on or before **November 1, 2017**, the government shall file an answer to Petitioner's motion to vacate, set aside, or correct his sentence (Docket #1), or other appropriate motion;

**IT IS FURTHER ORDERED** that Petitioner shall file a response to the government's submission not later than **December 1, 2017**; and

**IT IS FURTHER ORDERED** that, if the government files a motion in lieu of an answer, it may file a reply brief to Petitioner's response not later than **December 18, 2017**.

Dated at Milwaukee, Wisconsin, this 2nd day of October, 2017.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge