# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

JASON J. TYSON,

        Petitioner,

v.

UNITED STATES OF AMERICA,

        Respondent.

Case No. 17-CV-1274-JPS

**ORDER**

   On September 21, 2017, Jason J. Tyson ("Tyson"), a federal prisoner, filed this motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, asserting that his conviction and sentence were imposed in violation of his constitutional rights. (Docket #1). The Court screened his motion on October 2, 2017. (Docket #2). The Court permitted Tyson to proceed on the following claim: that his appellate counsel failed to raise on direct appeal an issue that had been preserved in his plea agreement—namely, that the stop by police officers that resulted in the evidence used against him was illegal either as an arrest or a *Terry* stop. (Docket #1 at 4).[1] Appellate counsel allegedly told him that the argument lacked merit and refused to present it to the Court of Appeals. *Id.* Tyson contends that the issue was meritorious, and that counsel's conduct constituted ineffective assistance of counsel under the Sixth Amendment. *Id.*

   Having identified the claims on which Tyson could proceed, the Court set a briefing schedule for his motion. *Id.* at 6. The government's

---

   [1]The Court did not allow Tyson to proceed on his other claim, that the government somehow breached the plea agreement by appellate counsel's failure to appeal the suppression ruling. (Docket #2 at 4–6).

answer or other appropriate responsive motion was due on November 1, 2017. *Id.* On that date, the government filed a letter requesting an additional two weeks to file its response. (Docket #3). In the letter, government counsel indicates that it reached out to Tyson's appellate lawyer in order to obtain evidence from her regarding Tyson's claim. *Id.* at 1. While she initially seemed open to participating in this proceeding, she has since indicated that she will not do so because "it is the policy of her office that attorneys do not litigate against their clients." *Id.* As a result, she declined to participate in a conversation regarding her representation of Tyson. *Id.*

Courts apply the two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984), to evaluate the effectiveness of appellate counsel. *See Makiel v. Butler*, 782 F.3d 882, 897 (7th Cir. 2015). First, the movant must show that his counsel's performance was deficient because it "fell below an objective standard of reasonableness." *Id.* at 687–88. Second, he must show that the deficient performance prejudiced the defense, which means that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

Under the *Strickland* performance prong, appellate counsel's performance is constitutionally deficient if counsel fails to appeal an issue that is obviously and clearly stronger than the claims counsel did raise on appeal. *See Makiel*, 782 F.3d at 898; *Blake v. United States*, 723 F.3d 870, 888 (7th Cir. 2013). Appellate counsel need not raise every non-frivolous claim, but should select among claims to maximize the likelihood of success on appeal. *See Smith v. Robbins*, 528 U.S. 259, 288 (2000); *Makiel*, 782 F.3d at 897. To satisfy the *Strickland* prejudice prong, the movant must

show that there is a reasonable probability that the issues appellate counsel did not raise would have changed the outcome of the appeal. *See Johnson v. Thurmer*, 624 F.3d 786, 793 (7th Cir. 2010).

In most habeas cases involving claims of ineffective assistance of counsel, government counsel reaches out to the lawyer in question and facilitates their participation. However, government counsel has tried in good faith to do so here and failed. Without appellate counsel's testimony, it is all but impossible to evaluate her performance against the *Strickland* standard, and ultimately to find that her assistance was ineffective. Because it is Tyson's burden to make out this claim, if he cannot convince his lawyer to participate in these proceedings, the Court will be obliged to find that Tyson's claim of ineffective assistance of appellate counsel lacks merit.

Whether Tyson is able to secure his attorney's participation in this case is a matter left to him. For present purposes, the Court finds that the government has shown good cause for its requested extension of time. The Court will grant it a two-week extension, or until November 15, 2017, to answer or otherwise respond to the motion. The other deadlines for later briefs will also be pushed back accordingly.

Accordingly,

**IT IS ORDERED** the government's request for an extension of time (Docket #3) be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that, on or before **November 15, 2017**, the government shall file an answer to Petitioner's motion to vacate, set aside, or correct his sentence (Docket #1), or other appropriate motion;

**IT IS FURTHER ORDERED** that Petitioner shall file a response to the government's submission not later than **December 15, 2017**; and

**IT IS FURTHER ORDERED** that, if the government files a motion in lieu of an answer, it may file a reply brief to Petitioner's response not later than **December 29, 2017**.

Dated at Milwaukee, Wisconsin, this 2nd day of November, 2017.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge