# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

JASON J. TYSON,

                            Petitioner,                    Case No. 17-CV-1274-JPS

v.

UNITED STATES OF AMERICA,

                                                           **ORDER**

                            Respondent.

On September 21, 2017, Jason J. Tyson ("Tyson"), a federal prisoner, filed this motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, asserting that his conviction and sentence were imposed in violation of his constitutional rights. (Docket #1). The Court screened his motion on October 2, 2017. (Docket #2). The Court permitted Tyson to proceed on a claim of ineffective assistance of appellate counsel. *Id.*

Tyson filed a motion on November 2, 2017, seeking to amend his petition to add one additional claim. (Docket #5). This claim is directed at his trial counsel, Jane Christopherson. *Id.* at 3–4. He alleges that she had a "significant conflict of interest" and "abandoned him" with respect to his suppression motion filed in the trial court. *Id.* Specifically, she failed to object to the report and recommendation of the magistrate judge on Tyson's motion to suppress. *Id.* This deprived him of the ability to obtain the district court's *de novo* review of the findings in the report. *Id.* Further, Tyson contends that he had meritorious objections to assert, including that the magistrate judge misconstrued the facts. *Id.* Thus, says Tyson, Christopherson provided constitutionally defective assistance. *Id.*; *see also Strickland v. Washington*, 466 U.S. 668 (1984).

The Supreme Court has held that "[t]he Civil Rule governing pleading amendments, Federal Rule of Civil Procedure 15 [is] made applicable to habeas proceedings by § 2242, Federal Rule of Civil Procedure 81(a)(2), and Habeas Corpus Rule 11." *Mayle v. Felix*, 545 U.S. 644, 655 (2005). Federal Rule of Civil Procedure 15(a) provides that a party has the right to amend its "pleading once as a matter of course at any time before a responsive pleading is served. . . . Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party." Fed. R. Civ. P. 15(a). Moreover, "leave [to amend] shall be freely given when justice so requires." *Id.*

A brief screening of Tyson's new claim, coupled with the liberal standards of Rule 15, shows that the Court must allow his proposed additional claim. First, as noted in the screening order, Tyson's petition was timely filed. *See* 28 U.S.C. § 2255(f). This is true even if one counted the new claim as a separate petition, since Tyson's direct appeal ended recently, in August 2017. Second, the claim, though not raised on direct appeal, is not procedurally defaulted. The Supreme Court has instructed that even if appellate counsel is different from trial counsel, as was the case for Tyson, claims of ineffective assistance of trial counsel need not be raised on direct appeal to avoid procedural default. *Massaro v. United States*, 538 U.S. 500, 504 (2003). Finally, while the Court makes no findings as to the ultimate merit of Tyson's claim under the applicable standards, it cannot say that this new claim is plainly without merit, and so dismissal under Rule 4 of the Rules Governing Section 2255 Proceedings would be inappropriate. Consequently, the claim will be permitted to proceed along with Tyson's existing ineffective-assistance claim against his appellate

counsel. Further, the government's recent request for an extension of time in light of the newly added claim will be granted. (Docket #6).

Accordingly,

**IT IS ORDERED** that Petitioner's motion to amend his motion to vacate, set aside, or correct his sentence (Docket #5) be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that the government's request for an extension of time (Docket #6) be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that, on or before **December 12, 2017**, the government shall file an answer to Petitioner's motion to vacate, set aside, or correct his sentence (Docket #1), including the new ground stated in his motion to amend (Docket #5), or other appropriate motion;

**IT IS FURTHER ORDERED** that Petitioner shall file a response to the government's submission not later than **January 12, 2018**; and

**IT IS FURTHER ORDERED** that, if the government files a motion in lieu of an answer, it may file a reply brief to Petitioner's response not later than **January 26, 2018**.

Dated at Milwaukee, Wisconsin, this 15th day of November, 2017.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge