# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

JASON J. TYSON,

                Petitioner,

v.

UNITED STATES OF AMERICA,

                Respondent.

Case No. 17-CV-1274-JPS

**ORDER**

On September 21, 2017, Jason J. Tyson ("Tyson"), a federal prisoner, filed this motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Before the Court are two matters. The first is the government's request for an extension of time to answer or otherwise respond to Tyson's motion, and the second is Tyson's request for an order relating to discovery in this case. The Court addresses each motion in turn.

**1.    Motion for Extension of Time**

The Court originally ordered the government to respond to Tyson's motion by November 1, 2017. (Docket #2). The government requested and was granted a two-week extension of time. (Docket #4). Before that deadline arrived, Tyson sought to amend his motion, and the Court granted that motion in an order dated November 15, 2017. (Docket #7). Now the government brings a new request for an extension, this time seeking a little less than a month in additional time to prepare its response to the amended motion. (Docket #9).

The Court finds good cause to grant the government's requested extension. However, two additional notes are warranted. First, both of the

government's requests for extension of time in this case have been submitted by letter. The Court generally does not entertain requests for relief not raised by motion. Letters should not be used in lieu of motions. Second, no further extensions of the government's response deadline will be entertained for any reason.

**2. Motion for Discovery**

Tyson recently filed a motion requesting that the Court order his trial and appellate counsel to submit affidavits relating to his claims of ineffective assistance. (Docket #8). To the extent the motion seeks authorization to conduct discovery directed at these two individuals, it is granted. Rule 6 of the Rules Government Section 2255 Proceedings provides that a judge may, for good cause, "authorize a party to conduct discovery under the Federal Rules of Criminal Procedure or Civil Procedure, or in accordance with the practices and principles of law." The Court finds good cause for the proposed discovery exists in this case, as the testimony of Tyson's counsel will be indispensable in proving his claims of ineffective assistance. *See Bracy v. Gramley*, 520 U.S. 899, 908–09 (1997).

However, to the extent Tyson seeks a Court order directed at his former lawyers, compelling them to produce affidavits, (Docket #8 at 4), the motion must be denied. He cites no authority requiring this Court to intervene in the collection of evidence he may need to sustain his claims. Rule 6 clearly provides that once authorized, Tyson may serve his trial and appellate counsel with his own discovery requests under the rules of procedure. Certainly Tyson's incarceration limits his financial resources, *id.* at 3, but this is his matter to litigate, and the costs of obtaining relevant evidence will not be borne by others on Tyson's request. Indeed, even for

those prisoners granted leave to proceed *in forma pauperis*, the Court does not absorb the costs of litigation, including discovery. *Porter v. Dep't of Treasury*, 564 F.3d 176, 180 n.3 (3d Cir. 2009); *Lindell v. McCallum*, 352 F.3d 1107, 1111 (7th Cir. 2003).

Furthermore, while the Court has the option to appoint counsel for discovery purposes under Rule 6, it declines to do so here. Habeas proceedings are civil in nature, and thus Tyson has no automatic right to counsel. *See Johnson v. Chandler*, 487 F.3d 1037, 1038 (7th Cir. 2007); *Winsett v. Washington*, 130 F.3d 269, 281 (7th Cir. 1997); *Resendez v. Knight*, 653 F.3d 445, 446 (7th Cir. 2011). Under 18 U.S.C. § 3006A(a)(2)(B), the court may appoint counsel to represent an indigent habeas petitioner if "the interests of justice so require." The court should seek counsel to represent the petitioner "if, given the difficulty of the case and the litigant's ability, she could not obtain justice without an attorney, she could not obtain a lawyer on her own, and she would have had a reasonable chance of winning with a lawyer at her side." *Forbes v. Edgar*, 112 F.3d 262, 264 (7th Cir. 1997).

There is no need for counsel at this early stage in the case. Tyson's requests for sworn statements directed at his former counsel should be simple, straightforward, and well within Tyson's capacity to obtain notwithstanding his lack of legal training. This case is unlike *Wright v. Gramley*, 125 F.3d 1038, 1043 (7th Cir. 1997), where the Seventh Circuit lamented a prisoner's difficulty in obtaining affidavits from unknown potential witnesses in his state criminal trial. Here, Tyson knows well both of the individuals from whom he needs evidence, making his present task far easier. Unless and until his former counsel fail to comply with their obligations to respond to properly served discovery requests, the Court will not intercede.

Accordingly,

**IT IS ORDERED** the government's request for an extension of time (Docket #9) be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that, on or before **January 8, 2018**, the government shall file an answer to Petitioner's motion to vacate, set aside, or correct his sentence (Docket #1), or other appropriate motion;

**IT IS FURTHER ORDERED** that Petitioner shall file a response to the government's submission not later than **February 7, 2018**;

**IT IS FURTHER ORDERED** that, if the government files a motion in lieu of an answer, it may file a reply brief to Petitioner's response not later than **February 21, 2018**; and

**IT IS FURTHER ORDERED** that Petitioner's motion for discovery (Docket #8) be and the same is hereby **GRANTED in part** and **DENIED in part** as stated herein.

Dated at Milwaukee, Wisconsin, this 15th day of December, 2017.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge