# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| JASON J. TYSON,<br><br>                              Petitioner,<br>v.<br><br>UNITED STATES OF AMERICA,<br><br>                              Respondent. | Case No. 17-CV-1274-JPS<br><br><br><br>**ORDER** |

On September 21, 2017, Jason J. Tyson ("Tyson"), a federal prisoner, filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, asserting that his conviction and sentence were imposed in violation of the Constitution. (Docket #1). After receiving briefing from the parties, the Court denied the motion and dismissed this action in an order dated January 30, 2018. (Docket #16, #17). Tyson filed a notice of appeal on February 16, 2018, (Docket #19), and simultaneously filed a motion addressed to this Court requesting reconsideration of the dismissal order pursuant to Federal Rule of Civil Procedure 59(e), (Docket #18). The Court will deny that motion.

Rule 59(e) empowers a court to alter or amend a judgment on motion by a party. Fed. R. Civ. P. 59(e). The party seeking relief under this Rule must establish "a manifest error of law or present newly discovered evidence." *Obriecht v. Raemisch*, 517 F.3d 489, 494 (7th Cir. 2008). "Motions under Rule 59(e) cannot be used to present evidence that could have been presented before judgment was entered." *Id.* Whether to grant a motion to amend a judgment "is entrusted to the sound judgment of the district court," *In re Prince*, 85 F.3d 314, 324 (7th Cir. 1996), but the movant must

first "clearly establish" his right to relief, *Romo v. Gulf Stream Coach, Inc.*, 250 F.3d 1119, 1122 n.3 (7th Cir. 2001).[1]

As another branch of this Court has noted, a "manifest error of law" must be "egregious" to warrant relief under this Rule. *Stelter v. Meli*, Case No. 14–cv–904–pp, 2017 WL 663546, at *1 (E.D. Wis. Feb. 17, 2017). "Appeal, not reconsideration, is the time to deal with the majority of legal errors," and so only "manifest errors. . .so obvious that no additional explanation is needed or possible" are proper subjects of a Rule 59 motion. *Burney v. Thorn Ams., Inc.*, 970 F. Supp. 668, 671 (E.D. Wis. 1997). Such error "is not demonstrated by the disappointment of the losing party" but instead "the 'wholesale disregard, misapplication, or failure to recognize controlling precedent.'" *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (quoting *Sedrak v. Callahan*, 987 F. Supp. 1063, 1069 (N.D. Ill. 1997)).

Tyson's motion presents no more than his disagreement with the Court's conclusions. This is not a proper basis for reconsideration. First, he suggests that his lawyer's failure to object to Magistrate Duffin's report and recommendation on his motion to suppress violated the rule of *Roe v. Flores-Ortega*, 528 U.S. 470 (2000). (Docket #18 at 2). He is incorrect for the reasons explained in the Court's prior order. (Docket #16 at 15). Rule 59(e) does not afford the losing party a second bite at the apple. *See Banks v. Chicago Bd. of*

---

[1] In construing *pro se* filings generously, the Court is required to consider what grounds for post-judgment relief might be appropriate, regardless of the authorizing Rule the litigant actually cited. *See Obriecht v. Raemisch*, 517 F.3d 489, 493 (7th Cir. 2008). Because Tyson identifies only purported legal errors the Court committed, Rule 59 is the appropriate starting point for his motion, and other rules, like Rule 60(b), are not. *See id.*; Fed. R. Civ. P. 60(b). This is true although Tyson at times accuses the Court of getting the facts wrong, for his objections are in substance only legal.

*Educ.*, 750 F.3d 663, 667 (7th Cir. 2014) (allegations of simple legal or factual errors do not warrant, much less require, reconsideration).

Likewise, Tyson's assertion that the Court was required to convene an evidentiary hearing is without merit. (Docket #18 at 2). Although it seemed that he and the government were in agreement on this issue, the Court's time and resources are ever more thinly stretched and the burden of an evidentiary hearing is not lightly undertaken. The mere agreement of the parties is never enough, standing alone, to compel such a proceeding. Moreover, the Court's finding that Tyson's case is distinguishable from *Flores-Ortega* meant that no presumption of prejudice to Tyson arose from his counsel's actions, and a hearing to probe the reasons for those actions was therefore unnecessary. *See* (Docket #16 at 15).

Finally, Tyson unsuccessfully reargues the merits of his potential objections to the magistrate's report and recommendation under the guise of reconsideration. He reiterates his views of the Fourth Amendment and *Terry* but does not identify unmistakable errors of law or fact in the Court's order. (Docket #16 at 5). Indeed, although he focuses his energy on his claim about a police officer peering into his van, it is worth noting that the Court found the claim was not only meritless but waived. (Docket #16 at 13). Again, the fact that Tyson is unhappy with the Court's decision is not a reason for reconsideration. Tyson may address his concerns to the Court of Appeals. Because his arguments fall well short of "clearly establish[ing]" that Rule 59 relief is warranted, *Romo*, 250 F.3d at 1122 n.3, the Court will deny his motion.

Accordingly,

**IT IS ORDERED** that Petitioner's motion to alter or amend the Court's order and judgment of January 30, 2018 (Docket #18) be and the same is hereby **DENIED**.

Dated at Milwaukee, Wisconsin, this 21st day of February, 2018.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge